IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JANEEK WIGGAN,

    Movant,

v.                                                            Case No. 2:00-cr-00005
                                                                  Case No. 2:12-cv-04554

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on July 24, 2012. (ECF No. 215). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

Following a jury trial conducted between April 6, 2000 and April 10, 2000, Janeek Wiggan (hereinafter "the defendant") was convicted of two conspiracy offenses relating to distribution of cocaine, in violation of 21 U.S.C. § 846 (ECF Nos. 80, 88). The defendant's sentencing hearing occurred on July 5, 2000. The defendant's Judgment, imposing a 262-month term of imprisonment, followed by a five year term of supervised release, was entered on April 26, 2002 (ECF No. 145).

On February 11, 2003, the United States Court of Appeals for the Fourth Circuit affirmed the defendant's conviction and sentence. *United States v. Wiggan*, No. 00-4318, 58 F. App'x. 975 (4th Cir., Feb. 11, 2003). The defendant did not file a petition for a writ of certiorari in the Supreme Court of the United States. Accordingly, his conviction became final on May 12, 2003, ninety days after entry of the Judgment. 28 U.S.C. § 2101(c).

On January 11, 2006, the defendant filed his first Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. *See Wiggan v. United States*, Case No. 2:07-cv-00639. On September 17, 2008, without objection from the defendant or the government, the presiding District Judge dismissed the defendant's first section 2255 motion as untimely. (ECF Nos. 213, 214). The defendant did not appeal that decision.

On August 21, 2012, the defendant filed the instant section 2255 motion (ECF No. 215), in which he asserts that he is "actually innocent" of his career offender status[1] based upon the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[2] The defendant's motion further asserts that this claim may be deemed

---

[1] U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The record reveals that the defendant received a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) based upon the following: (1) a conviction for possession with intent to sell/deliver cocaine, Craven County Superior Court, New Bern, NC, for which the defendant received a three-year suspended sentence. At sentencing, the presiding District Judge found that the quantity of cocaine found in the defendant's possession, 23 grams, was sufficient to have been regarded as "beyond mere possession," and the defendant pled guilty to an offense that did go beyond mere possession. Thus, the presiding District Judge found the North Carolina crime to be a felony controlled substance offense under the Guidelines. (*See* ECF No. 122 at 11-12); and (2) robbery in the second degree, causing physical injury, Kings County Supreme Court, Brooklyn, NY, for which the defendant was sentenced to serve 54 months in prison. The presiding District Judge determined that this second offense properly constituted a felony crime of violence under the Guidelines. (*Id.* at 12).

[2] In *Simmons*, the Fourth Circuit vacated the defendant's sentence in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), in which the Court held that when determining whether a conviction is an "aggravated felony" for purposes of the Immigration and

timely filed and proper for consideration by this court under sections 2255(f)(3) and (4) "based upon the retroactively [sic; applicable] Supreme Court decision in *Simmons*, and when it was decided en banc from the Fourth Circuit Court of Appeals."[3] (ECF No. 215 at 5). Under the "Timeliness" section of the motion, the defendant further asserts that his "Counsel was ineffective and did not pursue this issue." (*Id.* at 12).

## ANALYSIS

### A. The instant section 2255 motion is untimely and the defendant's substantive arguments appear to lack merit.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly

---

Nationality Act, courts must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. The *Simmons* court determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. 647 F.3d at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.*

[3] On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive on collateral review in cases that involve claims of actual innocence of an underlying conviction under 18 U.S.C. § 922(g). *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that the defendant's case does not involve a Section 922(g) conviction. Moreover, although the defendant's three-year North Carolina sentence was suspended, his drug offense was punishable by a sentence of more than one year. Thus, it does not appear that the defendant would be eligible for any relief under *Simmons*.

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The defendant asserts that sections (f)(3) and (f)(4) are applicable to his case in light of the Fourth Circuit's decision in *Simmons*.

The defendant first appears to be asserting that Section 2255(f)(3) applies to his case on the basis that the decision in *Simmons* involves a right that has been newly recognized since his conviction and made retroactively applicable. The undersigned notes, however, that *Simmons* is a decision issued by the Fourth Circuit Court of Appeals. Therefore, the defendant fails to demonstrate a right that has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review. Moreover, as noted in footnote 3 above, the Fourth Circuit has only found the *Simmons* decision to be retroactively applicable to cases involving section 922(g) firearms offenses, and it appears that the defendant would not be entitled to any relief thereunder. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that section 2255(f)(3) cannot be used to render the instant section 2255 motion timely.

The defendant also argues that Section 2255(f)(4) applies to his case. To the extent that the defendant is asserting that the Fourth Circuit's decision in *Simmons* constitutes a new "fact" supporting his claim that his North Carolina drug offense no longer qualifies as a predicate felony for the career offender enhancement, the Fourth Circuit recently rejected such a premise in its en banc decision in *Whiteside v. United States*, 578 F. App'x. 218 (4th Cir. 2014). The Fourth Circuit specifically determined that the *Simmons* decision did not qualify as a new "fact" for purposes of section

2255(f)(4). *Id.* at 184. The Court explained that "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." *Id.* The Court further noted that "[i]f changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." *Id.* Based on *Whiteside*, the undersigned proposes that the presiding District Judge **FIND** that section 2255(f)(4) is also inapplicable to the defendant's case and cannot be used to render the instant section 2255 motion timely.

### B. The instant section 2255 motion is an unauthorized second or successive motion.

Even if the defendant could somehow establish that the instant motion should be considered timely, the undersigned further proposes that the presiding District Judge **FIND** that the instant motion is an unauthorized second or successive section 2255 motion. 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Similarly, Rule 9 of the Rules Governing Section 2255 Motions states, "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."[4] Section 2255(h) requires a second or successive motion to be certified by a panel of the appellate court to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made

---

[4] Section 2255 has been amended to revise the paragraphs into subsections (a) through (h). Paragraph 8 is now part of subsection (h). Thus, the court will henceforth refer to subsection (h).

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The undersigned proposes that the presiding District Judge **FIND** that the defendant has not demonstrated that he has received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion under section 2255.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 215) be dismissed, with prejudice, as being untimely and as an unauthorized second or successive motion.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to the defendant and to transmit a copy to counsel of record.

June 11, 2015

Dwane L. Tinsley
United States Magistrate Judge